William E. Thomson, Jr. (CA SBN 47195)
wthomson@brookskushman.com
David A. Randall (CA SBN 156722)
drandall@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa Street, Suite 2080
Los Angeles, CA 90017-5780
Tel.: (213) 622-3003
Fax: (213) 622-3053

*Attorneys for Plaintiffs*
*Mt. Derm GmbH and*
*Nouveau Cosmetique USA, Inc.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MT. DERM GmbH and NOUVEAU COSMETIQUE USA, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>JOKER TATTOO SUPPLY LLC<br><br>Defendant. | Case No. 1:17-at-543<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs MT. DERM GmbH ("MT. DERM") and NOUVEAU COSMETIQUE USA, Inc. ("NOUVEAU COSMETIQUE") (collectively "Plaintiffs"), by and through their attorneys, for their Complaint against Defendant JOKER TATTOO SUPPLY ("Defendant" or "JOKER"), allege the following:

////

////

////

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States (Title 35 U.S.C. §§ 1 *et seq.*) based upon Defendants' infringement of United States Patent No. 6,505,530.

## THE PARTIES

2. Plaintiff MT. DERM is a corporation organized under the laws of Germany having its principal place of business at Gustav-Krone-Str. 3, 14167 Berlin, Germany.

3. Plaintiff NOUVEAU COSMETIQUE is a corporation having a corporate office and principal place of business at 111 North Orange Avenue, Suite 775 South Tower, Orlando, Florida, 32801.

4. Plaintiff MT. DERM sells tattoo and permanent make-up application devices as well as needle cartridges used with these devices, including the Cheyenne Hawk® line of disposable needle cartridges and applications devices, through a chain of distributors in the United States. It has all rights, title, and interest in United States Patent No. 6,505,530.

5. Plaintiff NOUVEAU COSMETIQUE is the exclusive licensee under United States Patent No. 6,505,530 for products sold and used in the permanent make-up field.

6. Upon information and belief, Defendant JOKER is a California limited liability company having its principal place of business at 650 S. Bridge St., Suite C, Visalia, CA 93277.

7. Upon information and belief, JOKER maintains an internet website at https://www.jokertattoo.net.

8. Upon information and belief, JOKER advertises and sells disposable needle cartridges for use with tattooing and permanent make-up (PMU) application devices that it markets as the "Pro Cartridge Needle Cartridges," including, without limitation Pro Cartridge 3RL Tattoo Needle Cartridge, Pro Cartridge 5RL Tattoo Needle Cartridge, Pro Cartridge 7RL Tattoo Needle Cartridge, Pro Cartridge 9RL Tattoo Needle Cartridge, Pro Cartridge 11RL Tattoo Needle Cartridge, Pro Cartridge 14RL Tattoo Needle Cartridge, Pro Cartridge 3RS Tattoo Needle Cartridge, Pro Cartridge 5RS Tattoo Needle Cartridge, Pro Cartridge 7RS Tattoo Needle Cartridge, Pro Cartridge 9RS Tattoo Needle Cartridge, Pro Cartridge 14RS Tattoo Needle

Cartridge, Pro Cartridge 7CM Tattoo Needle Cartridge, Pro Cartridge 9CM Tattoo Needle Cartridge, Pro Cartridge 15CM Tattoo Needle Cartridge, Pro Cartridge 19CM Tattoo Needle Cartridge, Pro Cartridge 23CM Tattoo Needle Cartridge, Pro Cartridge 5M Tattoo Needle Cartridge, Pro Cartridge 7M Tattoo Needle Cartridge, Pro Cartridge 9M Tattoo Needle Cartridge, Pro Cartridge 11M Tattoo Needle Cartridge, Pro Cartridge 13M Tattoo Needle Cartridge, Pro Cartridge 15M Tattoo Needle Cartridge, Pro Cartridge 19M Tattoo Needle Cartridge, and Pro Cartridge 23M Tattoo Needle Cartridge. *See* https://www.jokertattoo.net/Pro-Cartridge-Tattoo-Needle_Cartridges?sort=20a&page=1&zenid=ade9ac1d6463e6eae234f312ff8f19b5.

9. Upon information and belief, JOKER markets the "Pro Cartridge Needle Cartridges" as being "[c]ompatible with all types of cartridge grips & Cheyenne Hawk Machines[.]" *See, e.g.,* https://www.jokertattoo.net/Pro-Cartridge-Tattoo-Needle-Cartridges-3RL?zenid=ade9ac1d6463e6eae234f312ff8f19b5.

10. Upon information and belief, JOKER markets the Pro Cartridge Needle Cartridges as being compatible with and as a direct replacement for MT. DERM's Cheyenne Hawk® line of disposable needle cartridges.

11. Upon information and belief, JOKER advertises and sells "Pro Grip Disposable Tattoo Needle Cartridge Grips" designed for use with disposable needle cartridges, including, without limitation, the "Pro Grip Disposable Tattoo Needle Cartridge Grips," which JOKER markets as being "[c]ompatible with all Cheyenne Hawk needle cartridges as well as the new Pro Cartridge Tattoo Needle Cartridges." *See, e.g.,* https://www.jokertattoo.net/index.php?main_page=product_info&products_id=2348&zenid=ade9ac1d6463e6eae234f312ff8f19b5.

12. Upon information and belief, the Pro Grip Disposable Tattoo Needle Cartridge Grips are designed and intended to be used for connecting disposable needle cartridges, such as the Pro Cartridge Needle Cartridges identified above in Paragraph 8, with standard tattoo machines, such as the "Rotary Tattoo Machines" and "Coil Tattoo Machines" sold and/or offered

for sale by JOKER (*see* https://www.jokertattoo.net/tattoo-machines-20/?zenid=ade9ac1d6463e6eae234f312ff8f19b5).

13. Collectively, the JOKER Pro Cartridge Needle Cartridges and the Pro Grip Disposable Tattoo Needle Cartridge Grips are referred to as the "Infringing Products."

14. Defendant JOKER markets and sells cartridge needles and cartridge grips for use with permanent make-up (PMU) and/or tattooing devices, including the Infringing Products listed above in Paragraphs 8 and 11, that compete with products manufactured, marketed, and sold by Plaintiffs and that are the subject of this action.

**JURISDICTION AND VENUE**

15. This is an action for patent infringement. The claims arise under the patent laws of the United States, Title 35 U.S.C. §§ 1 *et seq*.

16. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (original jurisdiction under patent laws).

17. This Court has personal jurisdiction over Defendant JOKER because, on information and belief, JOKER resides in and transacts business within this district and has committed acts of patent infringement in this district, including, without limitation, the importation, offer for sale and/or sale of the Infringing Products described herein.

18. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because JOKER resides in and has a regular and established place of business within this district and because JOKER has conducted regular acts of infringement within this district by selling, offering to sell, and, importing the infringing products.

**THE PATENT-IN-SUIT**

19. On February 12, 2002, Application No. 10/072,991 was filed before the United States Patent Office ("USPTO") as a continuation of Application No. 09/671,650. On January 14, 2003 the USPTO duly and legally issued U.S. Patent No. 6,505,530 (hereinafter "the '530 Patent") entitled "Ink Application Device for Tattooing or for Making Permanent Make-Up." A true and correct copy of the '530 Patent is attached hereto as "Exhibit A."

20. On November 4, 2015, following a reexamination requested by MT. DERM, the USPTO issued a reexamination certificate for the '530 Patent, bearing U.S. Patent No. 6,505,530 C1 ("the '530 Reexamination Certificate"). A true and correct copy of the '530 Reexamination Certificate is attached hereto as "Exhibit B." The '530 Patent as reexamined is referred to as the "Reexamined '530 Patent."

21. The named inventors of the Reexamined '530 patent are Frank Adler, Walter Lisee and Gerhard Türk.

22. The inventors assigned all right, title, and interest in the Reexamined '530 Patent to Plaintiff MT. DERM.

23. Plaintiff NOUVEAU COSMETIQUE is the exclusive licensee of rights to the Reexamined '530 Patent in the United States in the permanent make-up field.

## COUNT I
### (Infringement of the Reexamined '530 Patent)

24. The allegations of paragraphs 1-23 are repeated and re-alleged as if set forth fully herein.

25. Defendant JOKER has infringed one or more claims of the Reexamined '530 Patent in violation of 35 U.S.C. § 271(a) by importing, making, using, selling, and/or offering for sale, needle cartridges and cartridge grips for use with tattooing and PMU devices embodying the invention claimed in the '530 Patent, including (but not limited to) the Infringing Products identified above in Paragraphs 8 and 11. In support of its infringement allegations, Plaintiffs attach hereto a preliminary claim chart "Exhibit C," demonstrating infringement of representative claim 1 of the Reexamined '530 Patent.[1]

26. Defendant's Pro Cartridge Needle Cartridges meet the claimed "unitary sterilized disposable module" limitation and are designed to be operatively inserted into a tattoo machine, with or without a cartridge grip, that includes an integrated needle drive and handle, constituting the claimed "basic module."

---

[1] Plaintiffs reserve the right to amend, supplement, and/or modify this preliminary chart for claim 1 of the Reexamined '530 Patent upon further investigation and discovery.

27. Defendant's Pro Cartridge Needle Cartridges are compatible with tattoo machines that are capable of receiving the Pro Cartridge Needle Cartridges directly, such as the Cheyenne Hawk tattoo machine of Plaintiff MT. DERM.

28. When Defendant's Pro Cartridge Needle Cartridges are assembled with tattoo machines that are capable of receiving the Pro Cartridge Needle Cartridges directly, such as the Cheyenne Hawk tattoo machine, the assembled combination includes all the elements of claims 1-3, 7-12, and 16-18, 25-27, 31-32, 34-36, 40-41, 49-51, 55-56, 58-60, 64-65, 73-75, 79-80, 82-84, and 88-89 of the Reexamined '530 Patent, and therefore directly infringe these claims.

29. Defendant's Pro Cartridge Needle Cartridges are compatible with cartridge grips, such as the Pro Grip Disposable Tattoo Needle Cartridge Grips identified above in Paragraph 11 that are sold and / or offered for sale by JOKER.

30. Defendant's Pro Cartridge Needle Cartridges are compatible with standard tattoo machines, such as the tattoo machines identified above in Paragraph 12 that are sold and / or offered for sale by JOKER.

31. Defendant's Pro Cartridge Needle Cartridges, identified above in Paragraph 8, together with cartridge grips, such as Defendant's Pro Grip Disposable Tattoo Needle Cartridge Grips identified above in Paragraph 11, when assembled with a standard tattoo machine with an operably connected drive rod, such as the tattoo machines identified above in Paragraph 12, include all the elements of claims 1-3, 7-12, and 16-18, 25-27, 31-32, 34-36, 40-41, 49-51, 55-56, 58-60, 64-65, 73-75, 79-80, 82-84, and 88-89 of the Reexamined '530 Patent, and therefore directly infringe these claims.

32. The use of Defendant's Pro Cartridge Needle Cartridges with a tattoo machine having an operably connected drive rod, whether with a tattoo machine capable of receiving the Pro Cartridge Needle Cartridges directly or with a standard tattoo machine in combination with a cartridge grip, such as Defendant's Pro Grip Disposable Tattoo Needle Cartridge Grips identified above in Paragraph 11, satisfies the method claims 19-24, 43-48, and 67-72 of the Reexamined '530 Patent.

33. Defendant JOKER has induced others to infringe at least by offering for sale on its website (http://www.jokertattoo.net) the Infringing Products, which are cartridge grips for use with disposable cartridge needles and disposable cartridge needles that constitute the claimed "unitary sterilized disposable module," specifically designed to be operatively inserted into a tattoo machine having an integrated needle drive and a handle, constituting the claimed "basic module," directly or in combination with cartridge grips, and by suggesting combinations of these products in a manner that infringes one or more claims of the Reexamined '530 Patent, with full knowledge of this infringement.

34. With knowledge of the Reexamined '530 Patent, JOKER indirectly infringes the patent by inducing and contributing to the direct infringement of a class of actors that includes end-users of the Infringing Products by selling, offering for sale, and otherwise encouraging the class of actors to use the Infringing Products with tattooing and PMU application devices, directly or in combination with cartridge grips, which when combined include all the elements described in one or more claims of the Reexamined '530 Patent, while aware of the fact that such acts amount to infringement of one or more claims of the Reexamined '530 Patent and with the specific intent to contribute to the infringement.

35. The Infringing Products include components that are intended to be combined with tattoo machines for use as a system covered by one or more of the claims of the Reexamined '530 Patent, constitute a material part of the invention, and are not a staple article or commodity of commerce suitable for non-infringing use.

36. On or about August 11, 2016 and January 3, 2017, Defendant received correspondence from Plaintiffs' counsel, informing Defendant of its infringement of the Reexamined '530 Patent in connection with Defendant's sales and/or offers for sale of its Pro Cartridge Needle Cartridges on its website (http://www.jokertattoo.net).

37. Defendant has known that the Infringing Products are especially made or especially adapted for use in infringement of the Reexamined '530 Patent at least as of on or about August 11, 2016.

38. Defendant induces and contributes to the infringement of one or more of the claims of the Reexamined '530 Patent in violation of 35 U.S.C. § 271 (b) and (c).

39. The infringing actions of Defendant are and have at all times been without the consent of, authority of, or license from Plaintiffs.

40. As a direct and proximate result of the infringement of the Reexamined '530 Patent by Defendant, Plaintiffs have suffered damages in an amount yet to be fully ascertained, which will be proven at trial.

41. Upon information and belief, Defendant has knowledge of the infringement of the Reexamined '530 Patent, yet Defendant continues to infringe the Reexamined '530 Patent. The infringement of the Reexamined '530 Patent by Defendant is knowing and willful, entitling Plaintiffs to increased damages under 35 U.S.C. § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42. The infringement of the Reexamined '530 Patent by Defendant has caused and continues to cause Plaintiffs to suffer irreparable harm for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs MT. DERM and NOUVEAU COSMETIQUE respectfully request that the Court grant the following relief:

a) A finding that the 'Reexamined '530 Patent is valid and enforceable;

b) That judgment be entered that Defendant JOKER infringes and has directly, indirectly, contributorily and/or by inducement, infringed the Reexamined '530 Patent under 35 U.S.C. §§ 271(a), (b), and/or (c);

c) A finding that this action for infringement is an exceptional case under 35 U.S.C. § 285, and that Plaintiffs be awarded reasonable attorneys' fees and costs;

d) That judgment be entered that the infringement of the Reexamined '530 Patent by Defendant has been willful and award Plaintiffs treble damages under 35 U.S.C. § 284;

e) That Defendant pay damages adequate to compensate Plaintiffs for Defendant's infringement of the Reexamined '530 Patent pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

f) That judgment be entered permanently enjoining Defendant and its officers, agents, servants, employees, and attorneys, and all other persons and entities acting in concert or participation with them, from infringing, inducing others to infringe or contributing to the infringement of the Reexamined '530 Patent;

g) In the event a permanent injunction is not granted, determine the conditions for future infringement or grant such other relief as the Court deems appropriate; and

h) Award Plaintiffs such further relief as this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully requests a trial by jury on all issues so triable, pursuant to Fed. R. Civ. P. 38.

DATED: July 14, 2017

By: /s/ William E. Thomson, Jr.
William E. Thomson, Jr. (CA SBN 47195)
wthomson@brookskushman.com
David A. Randall (CA SBN 156722)
drandall@brookskushman.com
BROOKS KUSHMAN P.C.
601 South Figueroa Street, Suite 2080
Los Angeles, CA 90017-5726
Telephone:  (213) 622-3003
Facsimile:  (213) 622-3053

Michael R. Dzwonczyk, Esq.
Azy S. Kokabi, Esq.
Grant S. Shackelford, Esq.
Benjamin M. Cappel, Esq.
SUGHRUE MION, PLLC
2100 Pennsylvania Avenue, NW
Washington, DC 20037-3213
Telephone: (202) 293-7060
Facsimile: (202) 293-7860
mdzwonczyk@sughrue.com
akokabi@sughrue.com
gshackelford@sughrue.com
bcappel@sughrue.com
(*pro hac vice* applications to be submitted)

*Attorneys for Plaintiffs MT. DERM GmbH and Nouveau Cosmetique USA, Inc.*